UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| OREN THOMAS MONROE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMIE ROSE MONROE;<br><br>Plaintiffs,<br><br>vs.<br><br>AIDAN HEITKAMP, AGTEGRA COOPERATIVE,<br><br>Defendants. | 4:24-CV-04224-RAL<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

This case arises from Jamie Monroe's tragic death in a car accident. Aidan Heitkamp was driving a pickup for his employer Agtegra Cooperative when he ran a stop sign and struck Jamie's vehicle. Doc. 26-1 ¶¶ 5, 8. Jamie's husband, Oren Monroe, sued Heitkamp and Agtegra individually and as the personal representative of Jamie's estate.[1] Oren now moves to amend his complaint to add a claim for punitive damages against Agtegra. Doc. 23; Doc. 26-1. Because the proposed amendment is not futile, this Court grants Oren's motion.

I.      **Facts**[2]

Heitkamp began working for Agtegra in the summer of 2023 when he was 18. On the morning of June 6, 2024, Heitkamp picked up an Agtegra Ram truck in Coleman, South Dakota.

---

[1] To avoid confusion, this Court refers to the Monroes by their first names.
[2] This Court takes the facts from Oren's proposed amended complaint and is not making any findings of fact.

1

Doc. 26-1 ¶¶ 8, 13. He was driving south toward Corson, South Dakota, when he ran a stop sign at a rural intersection and struck Jamie's Mazda. Id. ¶¶ 8, 12–13, 20. Heitkamp used his cell phone in the 30 minutes before the crash, including taking pictures of himself and using applications like Snapchat and the Weather app. Id. ¶ 21. Oren claims that Heitkamp was using his phone when the accident happened. Id. Jamie was pronounced dead at the scene. Id. ¶ 29.

Oren sued Heitkamp and Agtegra in late 2024, asserting among other things that Heitkamp was negligent, that Agtegra was vicariously liable for Heitkamp's actions under the respondeat superior doctrine, and that Agtegra was negligent in hiring and training Heitkamp. Doc. 1. Oren sought punitive damages from Heitkamp but not from Agtegra. Id. Heitkamp and Agtegra admitted liability on the negligence claim in their answers. Doc. 18 ¶¶ 24, 29; Doc. 15 ¶¶ 12, 39, 43; Doc. 32 at 1.[3]

This Court's Rule 16 scheduling order made August 18, 2025, the deadline for amending pleadings. Doc. 19 at 2. Oren deposed Heitkamp shortly before the deadline on August 13. Doc. 34-1 at 1. He filed excerpts from Heitkamp's deposition discussing the safety training Agtegra provided and what measures may have prevented Heitkamp from using his phone when the accident occurred. Doc. 26-2 at 3–12, 15. Oren deposed Nathan Locken, Agtegra's southern fleet manager, on August 18 and Jason Landis, the location manager of Agtegra's Colman operation, on September 10. Doc. 34-2 at 1; Doc. 34-3 at 1. Oren filed excerpts from these depositions

---

[3]Agtegra's brief says that Heitkamp and Agtegra have "admitted liability on the negligence claims." Doc. 32 at 1. Heitkamp's answer admits liability to Oren's claim that he negligently operated the truck but does not seem to admit liability to the negligence per se claim or the negligent infliction of emotional distress claim. Doc. 13 ¶¶ 42, 55; Doc. 18 ¶¶ 24, 29. Agtegra admits that Heitkamp was operating the truck on its behalf and that the accident occurred within the course and scope of Heitkamp's employment. Doc. 13 ¶¶ 65–66; Doc. 15 ¶ 39. Agtegra also admits that it is liable for the wrongful death of Jamie under the respondeat superior theory. Doc. 15 ¶ 43.

2

discussing Agtegra's safety training programs and the training Heitkamp received. Doc. 26-3; Doc. 26-4. Oren moved to amend his complaint on October 1, 2025, seeking to add a punitive damages claim against Agtegra. Doc. 23.

## II. Analysis

### A. Good Cause Under Rule 16(b)

A party seeking leave to amend after the scheduling order deadline has passed must first meet the good cause standard in Federal Rule of Civil Procedure 16(b)(4) and then satisfy the more liberal amendment standard in Rule 15(a). Cheeks v. Belmar, No. 24-2905, 2025 WL 3560674, at *3 (8th Cir. Dec. 12, 2025); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (citation omitted). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." Ellingsworth v. Vermeer Mfg. Co., 949 F.3d 1097, 1100 (8th Cir. 2020).

Oren has shown good cause for his belated amendment. He asserts that he diligently pursued discovery but did not learn of the facts supporting his claim for punitive damages against Agtegra until deposing Heitkamp, Locken, and Landis. Doc. 24 at 6–7. Oren did not depose Landis until after the amendment deadline passed, and he moved to amend his complaint within a month of completing that deposition. Agtegra does not discuss the good cause standard, dispute Oren's diligence, or argue that the amendment will prejudice it.

### B. Rule 15(a)

Federal Rule of Civil Procedure 15(a) establishes a liberal approach toward granting motions to amend. See Fed. R. Civ. P. 15(a)(2) (explaining that courts should "freely" give leave

3

to amend "when justice so requires"). "Denial of leave to amend pleadings is appropriate only" in certain "limited circumstances," such as when the amendment would be futile or cause unfair prejudice to the non-moving party. Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (cleaned up and citation omitted). Agtegra opposes the motion to amend as futile.

"An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." Id. (cleaned up and citation omitted). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id., "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertions devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (cleaned up and citation omitted). Courts ruling on a Rule 12(b)(6) motion generally must ignore materials outside the pleadings but may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Dittmer Props. L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up and citation omitted).

4

Both parties agree that South Dakota law governs the substantive issues in this diversity-of-citizenship-jurisdiction case. Bores v. Domino's Pizza, LLC, 530 F.3d 671, 674 (8th Cir. 2008). Plaintiffs in South Dakota may not recover punitive damages on a tort claim unless "the defendant has been guilty of oppression, fraud, or malice." SDCL § 21-3-2. Malice under South Dakota law may be actual or presumed, Fiechtner v. Am. W. Ins., 27 N.W.3d 746, 762 (S.D. 2025), though cases where a plaintiff seeks punitive damages for a car accident typically focus on presumed malice, see Espinoza v. Folwer, 22-CV-04068, 2023 WL 5938106, at *3–4 (D.S.D. Sep. 12, 2023); Levene v. Staples Oil Co., 685 F. Supp. 3d 791, 799 (D.S.D. 2023). Presumed malice requires that a defendant "acts willfully or wantonly to the injury of the other." Dahl v. Sittner, 474 N.W.2d 897, 900 (S.D. 1991). Willful and wanton misconduct exists when "it can be said that [the defendant] consciously realized that his conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff." Berry v. Risdall, 576 N.W.2d 1, 9 (S.D. 1998) (citation omitted). "Willful and wanton misconduct demonstrates an affirmative, reckless state of mind or deliberate recklessness on the part of the defendant." Id. (citation omitted). Negligence, or simply committing an unlawful or injurious act, is not enough. Long v. Smithfield Packaged Meats Corp., 736 F. Supp. 3d 681, 690 (D.S.D. 2024).

Oren pleaded a punitive damages claim against Heitkamp, alleging that Heitkamp acted willfully and wantonly by driving while distracted, failing to heed the traffic signal warnings, and running the stop sign. Doc. 26-1 ¶¶ 86–91. Agtegra does not argue that Oren's proposed amendment would be futile because he failed to adequately plead that Heitkamp acted with the state of mind necessary for punitive damages. Rather, Agtegra contends that Oren has not adequately pleaded that it is liable for punitive damages under the Restatement's complicity rule.

The Supreme Court of South Dakota has rejected the respondeat superior approach to awarding punitive damages against employers for employee misconduct, opting instead for the Restatement's "more conservative" complicity rule. Dahl, 474 N.W.2d at 902–03. The complicity rule requires the principal have some knowledge before imposing liability, and only applies liability on a principal for the actions of an agent in the following circumstances:

> (a) the principal or a managerial agent authorized the doing and the manner of the act, or
> (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or
> (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
> (d) the principal or a managerial agent of the principal ratified or approved the act.

Id. at 903 (quoting Restatement (Second) of Torts § 909 (1977)).

Oren alleges that Agtegra recklessly failed to implement a meaningful safety training program for its drivers. Doc. 26-1 ¶ 93. He claims that Agtegra allowed its employees, including teenage interns like Heitkamp, to complete safety training courses without supervision, in groups while sharing answers, and with access to their phones. Id. ¶ 94. According to Oren, Agtegra ignored training logs from these safety courses showing that employees completed multiple courses simultaneously and in unrealistically short timeframes. Id. Agtegra knew the dangers of using a cell phone while driving, Oren alleges, yet failed to ensure that Heitkamp attended its one and only training on using handheld devices while operating Agtegra trucks. Id. ¶ 95. Oren further alleges that Agtegra knew Heitkamp was an unfit employee based on his age, lack of experience operating commercial vehicles, documented deficiencies with driving skills, and disregard for safety training. Id. ¶ 96. Despite this knowledge, Oren alleges, Agtegra recklessly employed and retained Heitkamp without heightened supervision, meaningful safeguards to ensure safety compliance, or training on the use of handheld devices while driving. Id.

Oren's proposed amendment is not futile. Employers may be liable for punitive damages when they know of an employee's dangerous driving habits but still hire or retain the employee and do nothing to remediate the danger. The district court in Perez Librado v. M.S. Carriers, Inc., 02-CV-2095, 2004 WL 1490304 (N.D. Tex. June 30, 2004), for instance, found a question of fact on whether a company was grossly negligent in retaining a truck driver who ran a stop sign and killed the occupant of another vehicle. Id. at *4–6. The company knew that its driver had committed 320 driver log violations, including hours-of-service violations tending to cause fatigue, yet failed to discipline the driver or offer any remedial training. Id. The Iowa Supreme Court similarly found a jury question under the complicity rule when an employer knew its truck drivers were driving excessive hours without sleep, did not train or supervise its employees on driving and sleeping hours, and provided an incentive for employees to drive long hours without breaks. Briner v. Hyslop, 337 N.W.2d 858, 867–68 (Iowa 1983). Taking the allegations in the proposed amended complaint as true as this Court must, Oren has pleaded just enough facts to "nudge[] [his] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Agtegra's main argument against the amendment is that the facts don't bear Oren's allegations out. Doc. 32 at 2, 5–6, 10–12. Agtegra filed deposition excerpts, portions of its employee handbook, safety training materials, Heitkamp's training records, and an acknowledgment that Heitkamp signed.[4] Doc. 34. Agtegra's evidence may very well prevent Oren's punitive damages claim against it from ever reaching a jury. After all, Oren cannot survive summary judgment unless he shows by clear and convincing evidence that a reasonable basis exists upon which a jury could find that Agtegra acted with the necessary mental state. See Long, 736

---

[4]Oren also filed deposition excerpts, Agtegra's safety training materials, and Heitkamp's safety training records. Doc. 26. He referred to these documents in his opening brief but urged this Court to focus only on the allegations in the proposed amended complaint in his reply brief.

7

F. Supp. 3d at 689–90. When analyzing futility, though, this Court must take Oren's factual allegations as true and ignore the evidence Agtegra submitted. See Roemen v. United States, 19-CV-4006, 2021 WL 2351684, at *7 (D.S.D. June 9, 2021) ("Matters outside the pleadings may not be considered when conducting a futility analysis under Rule 12(b)(6) other than some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." (cleaned up and citation omitted)); Wheeler v. Hruza, No. CIV 08-4087, 2010 WL 2231959, at *3 (D.S.D. June 2, 2010) (considering only the allegations in the proposed amended complaint when analyzing futility and ignoring the additional information and claims the parties made in their briefs and attachments). Under this framework, Oren's allegations are enough.

### III. Conclusion

For the reasons explained above, it is

ORDERED that Oren's Motion for Leave to Amend Complaint, Doc. 23, is granted.

DATED this 14th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE